UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

AMERICAN OUTLAWS ASSOICATION,
etc.,

      Plaintiff,

v.                                                                      CASE NO. 3:26-cv-1549-WWB-SJH

BUREAU OF ALCOHOL, TABACCO,
FIREARMS AND EXPLOSIVES, etc.,
et al.,

      Defendants.
_____/

## **ORDER**

On July 3, 2026, Plaintiff filed a motion to seal four exhibits on which it relies in a motion for preliminary injunction. Doc. 17. The exhibits proposed for sealing ("Materials"), Docs. 17-1–17-4, consist of two search warrants and related inventory documents for one of the warrants. The Court struck the July 3, 2026, motion to seal without prejudice for failure to comply with the Local Rules, providing a deadline to file a renewed motion and directing that the Materials remain sealed pending ruling on any renewed motion or the expiration of the deadline for such a renewed motion. Doc. 18.

On July 20, 2026, Plaintiff filed a renewed motion to seal the Materials ("Motion"), Doc. 19, and a supporting memorandum of law, Doc. 20.[1] Plaintiff states

_____

[1] The Motion and separately filed memorandum do not comply with Local Rule 3.01(b), but

that although the search warrants have now been executed and the Materials were left in Plaintiff's possession, Plaintiff seeks sealing "in an abundance of caution" because the federal search warrant was obtained under a sealed docket, and it is unclear whether the state search warrant remains under seal in any Florida docket. Doc. 19 at 4–5.

Since the filing of the Motion, the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"); the Department of Justice ("DOJ"); and the Jacksonville Sheriff's Office ("JSO"), have appeared through counsel. Docs. 21, 25, 27. And Plaintiff, which is not aware of any nonparty who may have an interest in the Materials remaining under seal, Doc. 19 at 5, has confirmed that the Motion is not opposed by ATF, DOJ, and/or JSO, *id.* at 8; Doc. 26. But that ATF, DOJ, and JSO consent to sealing does not address whether they request it, let alone whether any such request is justified.

The public has a "common-law right of access to judicial proceedings," which "includes the right to inspect and copy public records and documents." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (quotations omitted). This common-law right of access applies to materials "filed in connection with any substantive pretrial motion, unrelated to discovery[.]" *Id.* The common-law "right of access is not absolute, however." *Id.* It "may be overcome by a showing of good cause,

---

in this specific instance the Court finds it appropriate to nevertheless consider the Motion and memorandum. *See* Local Rule 1.01(a)–(b); *see also* Fed. R. Civ. P. 1. The parties shall ensure that future filings fully comply with the Local Rules.

which requires balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential." *Id.* at 1246 (quotations omitted) (listing factors considered in balancing these interests). "Sealing is not authorized by a confidentiality agreement, a protective order, a designation of confidentiality, or a stipulation." Local Rule 1.11(a).

Here, Plaintiff seeks sealing merely in an abundance of caution on the basis that ATF, DOJ, and/or COJ may assert such a need. A party has 14 days after service of a motion to seal to "file a memorandum supporting the seal." *See* Local Rule 1.11(c). Given that the Motion was filed before the appearance of ATF, DOJ, and/or COJ, the Motion is **taken under advisement,** and the deadline for any memorandum supporting the sealing of the Materials in accordance with Local Rule 1.11(c) is extended until **August 7, 2026**.

The parties are cautioned that their agreement to sealing, on its own, is insufficient. *See* Local Rule 1.11(a). Accordingly, if no timely memorandum sufficient to overcome the presumption of public access is filed, the Motion may be denied and the Materials unsealed.[2] *See, e.g.*, *Lingard v. Holiday Inn Club Vacations, Inc.*, No. 6:23-cv-323-JSS-RMN, 2024 WL 3708037, at *1 (M.D. Fla. July 15, 2024) ("Plaintiffs filed their Motion seeking to provisionally seal exhibits to their motion for class certification … and provided no basis apart from the parties' agreement that the materials should

---

[2] Nothing herein purports to address whether the presumption can be overcome—only that if a party contends it can, such that sealing of the Materials is appropriate, a timely memorandum supporting sealing of the Materials must be filed.

be sealed. Defendants have not responded to the Motion, nor have they provided a memorandum establishing good cause to support the seal. The court therefore finds that good cause does not exist to maintain the documents under seal." (internal citations omitted)); *see also Lingard v. Holiday Inn Club Vacations, Inc.*, No. 6:23-cv-323-JSS-RMN, 2024 WL 3666447, at *1 (M.D. Fla. July 19, 2024).

**DONE AND ORDERED** in Jacksonville, Florida, on July 24, 2026.

_____

Samuel J. Horovitz
United States Magistrate Judge

Copies to:

Counsel of Record